UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH M. ACKERMAN, *et al.*, | ) | CASE NO. 1:23-CV-00923 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| OHIOHEALTH MANSFIELD | ) | **MEMORANDUM OPINION** |
| HOSPITAL, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant's Motion to Join Subrogated Parties. (Doc. No. 21.) This motion is fully briefed. (*See* Doc. Nos. 23, 24.) For the reasons below, Defendants' motion is GRANTED.

I. **Background**

A. **Factual Background**

This case concerns medical care Plaintiff Hannah Ackerman received at OhioHealth Mansfield Hospital ("Mansfield Hospital") in December 2021. (Doc. No. 1-1 at 15-16, ¶¶ 22-30.)[1] On December 16, 2021, Ms. Ackerman was admitted to Mansfield Hospital to address concerns regarding preeclampsia. (*Id.* at 15, ¶ 23.) Medical staff at Mansfield Hospital, including Dr. Melissa Verchio, Nurses Jessica K. Massie, Alyssa K. Coley, Mia G. Knapp, Abigail R. Friges, Jennifer L. Welter, and Stacy M. Pope treated Ms. Ackerman during her labor. (*Id.* ¶¶ 23, 27.)

On the morning of December 17, 2021, Dr. Verchio performed an emergency cesarean

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

section to deliver Cashton Ackerman. (*Id.* at 16, ¶ 28.) On December 17, 2021 at 3:54 a.m., Cashton Ackerman was pronounced dead with his cause of death listed as "birth asphyxia, due to cord prolapse and fetal heart decelerations." (*Id.* ¶ 29.)

Ms. Ackerman, as the administrator of Cashton Ackerman's estate, along with her husband, Plaintiff Dylan Ackerman allege that the medical care Defendants provided to Ms. Ackerman in December 2021 was medically negligent, resulting in the wrongful death of Cashton Ackerman and the loss of consortium of Ms. Ackerman. (*Id.* at 16-22, ¶¶ 31-54.)

### B. Procedural History

On December 15, 2022, Ms. and Mr. Ackerman brought the present case in the Court of Common Pleas, Richland County, Ohio. (Doc. No. 1-1.) On May 4, 2023, Defendant the United States of America removed to this Court. (Doc. No. 1.)

On March 29, 2024, Defendants filed a Motion to Join Subrogated Parties. (Doc. No. 21.) The motion is based on Buckeye Community Health Plan and the Ohio Department of Medicaid's payment of Ms. Ackerman and Cashton Ackerman's medical bills in connection with the injuries that are the subject of Plaintiffs' complaint.[2] Defendants ask the Court to order that Buckeye Community Health Plan, the Ohio Department of Medicaid, and the Ohio Department of Job and Family Services ("ODJFS") be joined as parties to this action. (*Id.*)

## II. Law and Analysis

Federal Medicaid law imposes certain obligations on states as well as Medicaid service providers with respect to the liability for and collection of amounts due from third parties.

---

[2] Medicaid is a program, created under Title XIX of the Social Security Act, that pays for medical and health-related assistance for certain vulnerable and needy individuals and families. *See* 28 U.S.C. § 1396, *et seq.* The Medicaid program is a joint federal-state program. 42 U.S.C. § 1396(b). It is administered by the States but financed with State and Federal funds. *Caremark, Inc. v. Goetz*, 395 F. Supp. 2d 683, 685 (M.D. Tenn. 2005), *aff'd*, 480 F.3d 779 (6th Cir. 2007).

Federal law requires every state participating in a Medicaid program to implement a "third party liability" provision that requires the state to seek reimbursement for Medicaid expenditures from third parties who are liable for medical treatment provided to a Medicaid recipient.  42 U.S.C. § 1396a(a)(25)(A).  *See Caremark, Inc. v. Goetz*, 480 F.3d 779, 783 (6th Cir. 2007) (holding that an assignment of an individual's rights is a precondition to Medicaid eligibility and must occur prior to Medicaid making payment on the individual's behalf).

> Ohio Medicaid law provides:
>
> A medical assistance recipient's enrollment in a medical assistance program gives an automatic right of recovery to the department of medicaid and a county department of job and family services against the liability of a third party for the cost of medical assistance paid on behalf of the recipient.  When an action or claim is brought against a third party by a medical assistance recipient, any payment, settlement or compromise of the action or claim, or any court award or judgment, is subject to the recovery right of the department of medicaid or county department.  Except in the case of a medical assistance recipient who receives medical assistance through a medicaid managed care organization, the department's or county department's claim shall not exceed the amount of medical assistance paid by the department or county department on behalf of the recipient.  A payment, settlement, compromise, judgment, or award that excludes the cost of medical assistance paid for by the department or county department shall not preclude a department from enforcing its rights under this section.

Ohio Rev. Code § 5160.37(A).

Plaintiffs acknowledge that they "have already placed the Ohio Department of Medicaid on notice of their claims."  (Doc. No. 23 at 195.)  Plaintiffs received a letter dated March 24, 2023 from the Ohio Department of Medicaid that "identified the amount it had expended on behalf of Plaintiff Hannah Ackerman as $1,185.54 and advised Plaintiffs' counsel of the steps to be taken if a judgment or settlement is reached."  (*Id.*)  On reply, Defendants contest that this dollar figure will be the extent of the medical bills that Plaintiffs seek to recover.  (Doc. No. 24 at 200.)  Defendants therefore assert that "Medicaid knows the amount it paid right now, without that information having to filter through the Plaintiff, and should be joined to this action to avoid

the Defendants' rights being placed in the hands of a middle-man Plaintiff." (*Id.*)

In addition to the statutes above, Defendants' motion is based on the doctrine of subrogation.

> A right of subrogation may arise by contract ("conventional subrogation"), by application of equitable principles of law ("legal subrogation"), or by application of a statute ("statutory subrogation"). It is based on two fundamental premises: 1) that an insured should not be permitted recovery twice for the same loss, which would be the potential result if the insured recovers from both its insurer and a tort-feasor; and 2) that the tort-feasor should compensate the insurer for payments the insurer made to the insured. Stated another way, the purpose of insurance subrogation is to prevent either the unjust enrichment of the insured through a double recovery or a windfall benefit to the principal tortfeasor by allowing the insurer to stand in the shoes of the insured once the insurer has fully indemnified the insured.

*In re Cupp*, 383 B.R. 84, 88-89 (Bankr. E.D. Tenn. 2008) (quotations and citations omitted).

Rule 19 of the Federal Rules of Civil Procedure provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must* be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B)(ii) (emphasis added). "If a person has not been joined as required, the court *must* order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2) (emphasis added).

Plaintiffs' opposition does not demonstrate any exception to the mandatory language in Rule 19(a). Moreover, Plaintiffs acknowledge that amounts they claim in damages are sums paid by the Ohio Medicaid program. If the proposed subrogated parties seek to limit their

involvement, they can address that issue with the Court. And if they refuse to join this action, the Court has power to joint them as party defendants. *See* Fed. R. Civ. P. 19(a)(2).

### III. Conclusion

Defendants' Motion to Join Subrogated Parties (Doc. No. 21) is GRANTED. Buckeye Community Health Plan, the Ohio Department of Medicaid, and ODJFS are JOINED as parties to this action.

**IT IS SO ORDERED.**

Date: August 14, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE